# IN THE DISTRICT COURT OF THE UNITED STATES
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA
# BRYSON CITY DIVISION
# 2:06 cr 001-2

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Vs. | ) | ORDER |
| | ) | |
| NATASHA LEIGH SWAYNEY, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

**THIS CAUSE** coming on to be heard and being heard before the undersigned upon a violation report filed in the above entitled cause on May 5, 2010 by the United States Probation Office. In the violation report, the United States Probation Office alleged the defendant had violated terms and conditions of her pretrial release. At the call of this matter on for hearing it appeared the defendant was present with her attorney Frank Abrams, and the Government was present through Assistant United States Attorney, David Thorneloe. From the evidence offered and from the statements of the Assistant United States Attorney and the attorney for the defendant, and the records in this cause, the court makes the following findings.

**Findings**: At the call of the matter, the defendant, by and through her attorney, denied the allegations contained in the violation report that had been filed on May 5, 2010.

The defendant was charged, in a bill of indictment filed on January 25, 2006 with knowingly and intentionally distributing and possessing with intent to distribute Oxycodone in violation of 21 U.S.C. § 841(a)(1). On May 31, 2006 the defendant entered a plea of

guilty to that offense. A judgment was entered by United States District Judge Lacy H. Thornburg on October 5, 2006 which required that after serving a term of active imprisonment the defendant was to serve a term of supervised release. On April 15, 2010 a petition was filed by the United States Probation Office alleging the defendant had violated the terms and conditions of her supervised release by committing state crimes on November 14, 2009 in Haywood County, that being possession of stolen goods, identity theft and obtaining property by false pretenses. The petition further alleged the defendant committed state crimes in Buncombe County, NC on November 14, 2009, that being financial card fraud. At the request of the government the undersigned, on April 19, 2009, allowed the defendant to be released on terms and conditions of pretrial release. Those conditions included a requirement that the defendant participate in the following location monitoring program component and abide by its requirements as the supervising officer would instruct:

> **Home Detention.** You are restricted to your residence at all times except for employment; education; religious services; medical, substance abuse, or mental health treatment; attorney visits; court appearances; court-ordered obligations; or other activities pre-approved by the pretrial services office or supervising officer;

The conditions were reviewed with the defendant on April 19, 2010 and later reviewed again with her on April 21, 2010. On April 23, 2010 the defendant contacted Mark Corbin, her supervising United States Probation Officer. The defendant told Officer Corbin she had obtained a job at Paul's Diner in Cherokee, NC. Officer Corbin granted the defendant permission to be away from her residence for work purposes. Officer Corbin told

the defendant that he required the defendant's supervisor at Paul's Diner contact Officer Corbin to confirm the employment of the defendant. Officer Corbin was contacted by Mr. Dexter Smith who told Officer Corbin he was the supervisor of the defendant at Paul's Diner and the defendant was employed at the diner. Late on Sunday evening on May 2, 2010 at approximately 10:40 p.m., Officer Corbin was in the Wal-Mart shopping center in Sylva, NC. While in the shopping center he saw the defendant with a young man who was introduced to Officer Corbin as being Dexter Smith. The defendant and Mr. Smith told Officer Corbin they were obtaining food from Wal-Mart for use at Paul's Diner. On Monday, May 3, 2010, Officer Corbin contacted Mr. Paul Ensley the owner of Paul's Diner. Mr. Ensley told Officer Corbin the defendant was not an employee of Mr. Ensley or the diner. He further told Officer Corbin that Mr. Smith was not a supervisor of any employees at Paul's Diner and he was only a part-time employee at the diner. Later on May 3, 2010, Mr. Smith called Officer Corbin and told Officer Corbin the defendant was not employed at Paul's Diner and that Mr. Smith had been trying to do the defendant a favor. Mr. Smith apologized for presenting a false statement to Officer Corbin and stated he did not understand the seriousness of his conduct and he was sorry he had lied.

The defendant presented evidence through Mr. Dexter Smith. Mr. Smith testified he is nineteen years old and resides with his mother in Cherokee, NC. Mr. Smith testified he had in fact employed the defendant to clean the house where Mr. Smith and his mother reside. The house is located approximately five miles from Paul's Diner. Paul Ensley is the uncle of Mr. Smith. After the events of May 2nd and 3rd, Paul Ensley demoted Mr. Smith

from his job as a waiter at Paul's Diner.

**Discussion**. 18 U.S.C. § 3148(b)(1) provides as follows: The judicial officer shall enter an order of revocation and detention if, after a hearing, the judicial officer -----

(1) finds that there is----
  (A) probable cause to believe that the person has committed a Federal, State, or local crime while on release; or
  (B) clear and convincing evidence that the person has violated any other condition of release; and
(2) finds that ---
  (A) based on the factors set forth in section 3142(g) of this title, there is no condition or combination of conditions of release that will assure that the person will not flee or pose a danger to the safety of any other person or the community; or
  (B) the person is unlikely to abide by any condition or combination of conditions of release.

If there is probable cause to believe that, while on release, the person committed a Federal, State, or local felony, a rebuttable presumption arises that no condition or combination of conditions will assure that the person will not pose a danger to the safety of any other person or the community."

Based upon the evidence, the undersigned finds by clear and convincing evidence the defendant has violated the condition of release that required the defendant to participate in home detention which required a restriction to her residence. The defendant prevailed upon a nineteen year old young man to tell a falsehood to Officer Corbin concerning her supposed employment. The defendant was never employed at Paul's Diner in any capacity. The defendant has thus violated the term and condition of her home confinement. Additionally, the defendant herself presented false information and statements to Officer Corbin concerning her employment.

Based upon the acts of the defendant as set forth above, the undersigned finds the

defendant is unlikely to abide by any condition or combination of conditions of release.

As a result of the above referenced findings, the undersigned has determined to enter an order of revocation revoking the unsecured bond and the terms of pretrial release previously issued in this matter and entering an order detaining the defendant.

**ORDER**

**IT IS, THEREFORE**, **ORDERED** that the unsecured bond and terms and conditions of pretrial release entered in this matter are hereby **REVOKED** and it is **ORDERED** that the defendant be detained pending further proceedings in this matter.

Signed: May 21, 2010

*Dennis L. Howell*

Dennis L. Howell
United States Magistrate Judge